HAMILTON v. STATE

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:HAMILTON v. STATE

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

HAMILTON v. STATE2020 OK CR 11Case Number: F-2019-398Decided: 06/04/2020BRENT ALLEN HAMILTON, Appellant v. THE STATE OF OKLAHOMA, Appellee.
Cite as: 2020 OK CR 11, __ __

 

S U M M A R Y O P I N I O N

KUEHN, VICE PRESIDING JUDGE:

¶1 Appellant, Brent Allen Hamilton, was convicted by a jury in Canadian County District Court, Case No. CF-2017-489, of Lewd Acts with a Child Under Sixteen. On May 28, 2019, the Honorable Paul Hesse, District Judge, sentenced him to three and one-half years imprisonment, in accordance with the jury's recommendation. Appellant must serve 85% of his sentence before parole consideration. 21 O.S.Supp.2015, § 13.1(18). This appeal followed.

¶2 Appellant raises four propositions of error in support of his appeal:

PROPOSITION I. THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT ALLOWED THE STATE TO REPLAY SELECTED PORTIONS OF THE DVD OF A.R.B'S FORENSIC INTERVIEW (STATE'S EXHIBIT 1, COURT'S EXHIBIT 1) DURING CLOSING ARGUMENT.

PROPOSITION II. THE EVIDENCE PRODUCED BY THE STATE AT TRIAL WAS INSUFFICIENT FOR A REASONABLE JURY TO CONVICT.

PROPOSITION III. THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT ALLOWED A JUROR WHO HAD FALLEN ASLEEP DURING TRIAL TO PARTICIPATE IN DELIBERATIONS.

PROPOSITION IV. THE CUMULATIVE EFFECT OF THE ERROR ADDRESSED ABOVE DEPRIVED APPELLANT OF A FAIR TRIAL AND REQUIRES REVERSAL OF THE CONVICTION.

¶3 After thorough consideration of these propositions, the briefs of the parties, and the record on appeal, we affirm. Appellant was charged with inappropriate sexual conduct toward two of his step-daughters on the same evening; he was acquitted on one of the charges, and received close to the minimum sentence on the other. In Proposition I, he claims the prosecutor's replaying of selected portions of one victim's forensic interview in closing argument violated 22 O.S.2011, § 894 and Reed v. State, 2016 OK CR 10, 373 P.3d 118. Appellant timely objected to this procedure beforehand. We review the trial court's management of closing argument for an abuse of discretion. Bosse v. State, 2017 OK CR 10, ¶ 82, 400 P.3d 834, 863.

¶4 Section 894 outlines the procedure for re-presenting testimony at the jury's request once they begin their deliberations. Unlike testimony, physical exhibits usually go to the deliberation room for the jurors' free access. While a recording of a witness's forensic interview is usually played during trial and often marked as a physical exhibit, forensic interviews are "the equivalent of recorded testimony" and thus should not automatically be provided to the jury for free access in deliberations. Reed, 2016 OK CR 10, ¶ 11, 373 P.3d at 122.

¶5 In its case in chief, the State presented a video recording of one victim's forensic interview to corroborate her trial testimony. Although marked as an exhibit, the recording was not provided to the jury during deliberations (and in fact they never asked to review it). In essence, Appellant asks this Court to extend Reed and Section 894 beyond the confines of the jury deliberation room and into open court before the case has even been submitted. Counsel have freedom in closing argument to highlight the evidence favorable to them, so long as that evidence was properly admitted at trial. See Browning v. State, 2006 OK CR 8, ¶ 36, 134 P.3d 816, 839; Alverson v. State, 1999 OK CR 21, ¶¶ 38-40, 983 P.2d 498, 513. We decline to extend Reed, and Section 894, to a party's use of properly admitted evidence in closing argument. Trial courts have considerable discretion in the management of courtroom proceedings, including whether and to what extent parties may display audio-visual material in closing argument.1 Proposition I is denied.

¶6 In Proposition II, Appellant claims the victim's allegations were "inconsistent, unreliable, and uncorroborated," and cannot support his conviction. We disagree. The victim's claims were corroborated by the observations of her older sister, who not only saw Appellant lying with the victim on her bed at the time the abuse allegedly occurred, but who made contemporaneous notes of what was happening on her phone. When the girls' mother confronted Appellant the next day with their claims, he apologized profusely and claimed he could not remember the incident. Defense counsel thoroughly cross-examined both girls about perceived inconsistencies in their accounts. A rational juror could find Appellant guilty, beyond a reasonable doubt, on the totality of the evidence. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Gordon v. State, 2019 OK CR 24, ¶ 32, 451 P.3d 573, 583. Proposition II is denied.

¶7 In Proposition III, Appellant complains about a juror who may have nodded off during opening statements. The record shows that the matter was promptly brought to the court's attention. Neither party asked to have the juror removed. We therefore review only for plain error, which requires Appellant to show an actual error that is plain or obvious, and which affected his substantial rights, meaning the outcome of the trial. Thompson v. State, 2018 OK CR 5, ¶ 7, 419 P.3d 261, 263. There is absolutely no indication of any other problems with this juror for the rest of the trial. The trial court may certainly remove a sitting juror and substitute an alternate when good cause is shown. Grant v. State, 2009 OK CR 11, ¶ 33, 205 P.3d 1, 16. Here, the trial court was never asked to take such action, and the record simply does not support any basis for doing so. There was no plain error. Proposition III is denied.

¶8 In Proposition IV, Appellant claims the cumulative effect of the errors identified above warrants relief. Having found no error in the preceding claims, there is no error to accumulate. Engles v. State, 2015 OK CR 17, ¶ 13, 366 P.3d 311, 315. Proposition IV is therefore denied.

DECISION

¶9 The Judgment and Sentence of the District Court of Canadian County is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2020), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF CANADIAN COUNTY
THE HONORABLE PAUL HESSE, DISTRICT JUDGE

 

ATTORNEYS AT TRIAL

LEE BERLIN
ANDREA BROWN
KYLE KILLAM
8516 E. 101ST STREET, STE. A
TULSA, OK 74133
COUNSEL FOR DEFENDANT

ERIC EPPLIN
ASST. DISTRICT ATTORNEY
303 N. CHOCTAW
EL RENO, OK 73036
COUNSEL FOR THE STATE

ATTORNEYS ON APPEAL

ANDREA BROWN
SWAB, STALL, HORTON & FU
2021 S. LEWIS AVE., STE. 520
TULSA, OK 74104
COUNSEL FOR APPELLANT

MIKE HUNTER
ATTORNEY GENERAL OF OKLA.
AMY STUART
ASST. ATTORNEY GENERAL
313 NE 21ST STREET
OKLAHOMA CITY, OK 73105
COUNSEL FOR APPELLEE

OPINION BY KUEHN, V.P.J.

LEWIS, P.J.: CONCUR
LUMPKIN, J.: CONCUR
HUDSON, J.: CONCUR
ROWLAND, J.: CONCUR

FOOTNOTES

1 In this case, the trial court wisely asked the prosecutor to copy the particular excerpts used in closing argument, to be preserved as a Court's Exhibit for appellate review. We encourage any court which might permit such presentations to do the same. See Glossip v. State, 2007 OK CR 12, ¶¶ 65-75, 157 P.3d 143, 155-56.

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Court of Criminal Appeals Cases
 CiteNameLevel

 2006 OK CR 8, 134 P.3d 816, BROWNING v. STATEDiscussed
 2007 OK CR 12, 157 P.3d 143, GLOSSIP v. STATEDiscussed
 2009 OK CR 11, 205 P.3d 1, GRANT v. STATEDiscussed
 2015 OK CR 17, 366 P.3d 311, ENGLES v. STATEDiscussed
 2016 OK CR 10, 373 P.3d 118, REED v. STATEDiscussed at Length
 2017 OK CR 10, 400 P.3d 834, BOSSE v. STATEDiscussed
 2018 OK CR 5, 419 P.3d 261, THOMPSON v. STATEDiscussed
 2019 OK CR 24, 451 P.3d 573, GORDON v. STATEDiscussed
 1999 OK CR 21, 983 P.2d 498, 70 OBJ 1566, Alverson v. StateDiscussed
Title 21. Crimes and Punishments
 CiteNameLevel

 21 O.S. 13.1, Required Service of Minimum Percentage of Sentence - Offenses SpecifiedCited
Title 22. Criminal Procedure
 CiteNameLevel

 22 O.S. 894, Jury Brought Into Court for Information After Retirement-Notice to PartiesCited

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA